1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE D. OLLIE, JR., | No. 2:16-cv-2808 JAM CKD P |
| Plaintiff, | |
| v. | ORDER |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis.  Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1	The court is required to screen complaints brought by prisoners seeking relief against a
2	governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
3	court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
4	"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
5	monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

6	A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
7	Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
8	Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
9	indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
10	490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
11	pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
12	Cir. 1989); Franklin, 745 F.2d at 1227.

13	In order to avoid dismissal for failure to state a claim a complaint must contain more than
14	"naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
15	of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
16	"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
17	statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

18	 Here, plaintiff sues Governor Brown and two officials of the state Victim Compensation
19	and Government Claims Board over the Board's handling plaintiff's lost property complaint,
20	which was dismissed for untimeliness.  (ECF No. 1 at 3.)  Plaintiff has not stated a federal claim,
21	as any procedural claim against the Board would arise under California law.  Moreover,
22	plaintiff's allegations do not suggest any defendant violated his rights by informing him that his
23	state claim "failed to meet the six-month deadline."  (Id.)

24	As it fails to state a claim, plaintiff's complaint must be dismissed.  However, the court
25	will grant leave to file an amended complaint.  While plaintiff will be given the opportunity to
26	amend, it is not for the purpose of adding new claims.  See George v. Smith, 507 F.3d 605, 607
27	(7th Cir. 2007).  If plaintiff chooses to amend the complaint, he should carefully read this
28	screening order and focus his efforts on curing the deficiencies set forth above.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff's amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed for failure to state a claim;

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended

////

////

////

1  complaint in accordance with this order will result in a recommendation that this action be
2  dismissed.
3  Dated: January 30, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / olli2808.14.new